IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

STACEY JOHNSON                                                                      PLAINTIFF
4913 Shumake Court
Louisville, Kentucky 40218

Case No. 3:19-CV-183-RGJ

Judge Rebecca Grady Jennings

v.

EQUIFAX INFORMATION SERVICES, LLC                 DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:     CSC-Lawyers Incorporating Service Co.
                            421 W. Main Street
                            Frankfort, Kentucky 40601
                            (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Stacey Johnson, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax") states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Defendant's failure to investigate Plaintiff's disputes regarding four alleged collection accounts, and Defendant's consequent failure to amend Plaintiff's Equifax credit report.

**II. PARTIES**

2. Plaintiff, Stacey Johnson, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 4913 Shumake Court, Louisville, Kentucky, 40218.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around October 2018, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered three alleged past due and owing tradelines.

9. Immediately upon discovery of the tradelines, Plaintiff disputed the tradelines with Equifax. Specifically, Plaintiff disputed GLA Collections account number 1020156001465****, GLA Collections account number 1020156001381****, GLA Collections account number 806156001365****, and GLA Collections account number 707146001357****, and requested that Equifax investigate and delete the alleged tradelines.

10. In or around December 2018, despite Plaintiff's dispute of the foregoing tradelines, Plaintiff discovered that Equifax failed to investigate the tradelines and, consequently, failed to delete or amend the subject tradelines.

11. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend its reporting of the subject tradelines.

## V. CLAIMS

### Negligence

12. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting the aforementioned accounts, despite Plaintiff's lawful notice to Equifax of the falsity of the reports, was negligent.

14. In failing to investigate Plaintiff's disputes and in failing to delete and/or amend its reporting of the subject tradelines, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff and acted with conscious disregard for Plaintiff's rights.

15. Equifax's negligent failure to delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

16. Equifax's failure to delete and/or amend its reporting of the subject tradelines,

despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation

17. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GLA Collection, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due and payable accounts with GLA Collection. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

19. Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

20. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes

are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

27. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Stacey Johnson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and

punitive damages;

    3.    For attorneys' fees and costs; and,

    4.    Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Stacey Johnson, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Stacey Johnson

STATE OF KENTUCKY            )
                             ) SS
COUNTY OF JEFFERSON          )

Subscribed, sworn to and acknowledged before me by Stacey Johnson this 27 day of February, 2019.

_____
Notary Public

Commission expires: 8/22/2019

7